IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA SALDIVAR | : | |
| | : | |
| VS. | : | CIVIL ACTION NO. _____ |
| | : | |
| TRAVELERS LLOYDS OF TEXAS | : | |
| INSURANCE COMPANY | : | |

## **INDEX OF MATTERS BEING FILED**

1.   Plaintiff's Original Petition with Discovery dated 03/23/2016;

2.   Civil Case Information Sheet;

3.   Plaintiff's DTPA Demand Letter dated 03/21/16;

4.   Plaintiff's Original Request for Disclosure, Requests for Production, and Interrogatories;

5.   Citation issued on Defendant Travelers Lloyds of Texas Insurance Company and proof of service; and

6.   Plea in Abatement and Original Answer of Defendant Travelers Lloyds of Texas Insurance Company e-filed on 04/18/16.

7.   Rule 11 Agreement to Extend and Abate Discovery Response and Response to DTPA Demand Letter dated 04/18/2016.

Undersigned counsel hereby certifies that the above constitutes the entire State Court's

record, as represented by the Clerk of Court, State Court of Cameron County, State of Texas.

Respectfully submitted,

By: _____
BARRY RAY
State Bar No. 16606355
Fed. I.D. No. 15705
bray@adamsgraham.com
**ADAMS & GRAHAM L.L.P.**
P. O. Drawer 1429
Harlingen,, Texas 78551-1429
Telephone:  (956) 428-7495
Facsimile:  (956) 428-2954

Attorneys for *Defendant* TRAVELERS LLOYDS OF
TEXAS INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 26th day of April, 2016, to the following counsel of record:

Derek Hilley                                                  *Via E-filing*
**Hilley & Solis**
310 S. St. Mary's St., Ste 2900
San Antonio, Texas 78205
*Counsel for Plaintiff*

_____
BARRY RAY

Civil Action No.
Maria Saldivar v. Travelers Lloyds of Texas Insurance Company
IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

# TAB 1

to

## INDEX OF MATTERS BEING FILED

CERTIFIED COPY

FILED
2016-DCL-02031
3/23/2016 3:04:04 PM
Eric Garza
Cameron County District Clerk
By Beatriz Losoya Deputy Clerk
9754926

2016-DCL-02031

CAUSE NO. _____

| | | |
|---|---|---|
| MARIA SALDIVAR | § | IN THE DISTRICT COURT |
| | § | Cameron County - 444th District Court |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| TRAVELERS LLOYDS OF TEXAS | § | |
| INSURANCE COMPANY | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY ATTACHED

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Maria Saldivar (hereinafter referred to as "Plaintiff") complaining of Defendant Travelers Lloyds of Texas Insurance Company (hereinafter referred to as "Defendant" or "Travelers") and hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiff, Maria Saldivar, is an individual and resident of Cameron County.

Defendant, Travelers, is a domestic insurance company operating in the State of Texas procuring and adjusting policies in Texas. Travelers can be served through its registered agent at the following address:

Corporation Service Company
211 East 7th Street Suite 620
Austin TX 78701 -3218

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

APR 2 0 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ Deputy #4

CERTIFIED COPY

## III. JURISDICTION AND VENUE

This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Cameron County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code § 15.002) and the insured property that is the basis of this lawsuit is located in Cameron County, Texas.

## IV. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

## V. FACTS

### I.    FACTS PARTICULARLY RELATED TO WIND AND HAIL LOSS

A.    Plaintiff is the owner of insurance Policy No. 0HP510039362168676 9  issued by the Defendant (hereinafter referred to as the "Policy").

B.    Plaintiff owns the insured property which is specifically located at 604 Salvatierra, Cameron County, Texas (hereinafter referred to as the "Property").

C.    Defendant or its agents sold the Policy, insuring the Property, to Plaintiff.

D.    On or about May 25, 2015, a wind and hail storm struck South Central Texas causing severe damage to homes and businesses throughout the area, including Plaintiff's Property.

E.    Plaintiff submitted a claim to Defendant against the Policy for roof and other damage and resulting water damage the Property sustained as a result of a wind and hail storm. Plaintiff asked that Defendant cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

F.    Defendant has assigned Claim Number HUK7191 to Plaintiff's claim.

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
APR 2 0 2016
DISTRICT COURT OF CAMERON COUNTY, TEXAS
By_____ Deputy #4

CERTIFIED COPY

G.   Defendant hired and/or assigned an adjuster to adjust the claim.

H.   Defendant's adjusters and Defendant failed to properly adjust the claims and Defendant has denied without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

I.   Plaintiff's claim still remains unpaid and Plaintiff still has not been able to properly repair the Property.

J.   Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

K.   Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

L.   Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

M.   Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

APR 20 2016

DISTRICT COURT OF CAMERON COUNTY TEXAS
By_____ Deputy #4

3

CERTIFIED COPY

did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. TEX. INS. CODE Section 541.060(a)(3).

N.      Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

O.      Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

P.      Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

Q.      Defendant failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

APR 20 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS
BY_____ Deputy #4

CERTIFIED COPY

INS. CODE Section 542.056.

R. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date; Plaintiff has not yet received full payment for her claim. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

S. From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

T. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

U. Plaintiff's experience is not an isolated case. The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## II.   FACTS PARTICULARLY RELATED TO WATER LOSS

A. Plaintiff is the owner of insurance Policy No. 0HP510039362168676 9  issued by the Defendant (hereinafter referred to as the "Policy").

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
APR 2 0 2016
DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4

5

CERTIFIED COPY

B.   Plaintiff owns the insured property which is specifically located at 604 Salvatierra, Cameron County (hereinafter referred to as the "Property").

C.   Defendant or its agents sold the Policy, insuring the Property, to Plaintiff.

D.   On or about June 25, 2015, Plaintiff suffered a plumbing leak that caused severe damage to their home.

E.   Plaintiff submitted a claim to Defendant against the Policy for damage and resulting water damage the Property sustained as a result of a plumbing leak. Plaintiff asked that Defendant cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

F.   Defendant has assigned Claim Number HUK9078 to Plaintiff's claim.

G.   Defendant hired and/or assigned an adjuster to adjust the claim.

H.   Defendant's adjusters and Defendant failed to properly adjust the claims and Defendant has suspended the claim after an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

I.   Plaintiff's claim still remains unpaid and Plaintiff still has not been able to properly repair the Property.

J.   Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

K.   Defendant misrepresented to Plaintiff that the damage to the Property was not covered

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

APR 20 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS
BY _____ Deputy #4

CERTIFIED COPY

under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

L.     Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

M.     Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. TEX. INS. CODE Section 541.060(a)(3).

N.     Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

O.     Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair

CERTIFY
ERIC GARZA - DISTRICT CLERK

APR 2 0 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4

CERTIFIED COPY

Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

P.    Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

Q.    Defendant failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

R.    Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date; Plaintiff has not yet received full payment for her claim. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

S.    From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

T.    As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

APR 20 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By_____ Deputy #4

the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

U.     Plaintiff's experience is not an isolated case. The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VI. THEORIES OF LIABILITY

### A.    CAUSE OF ACTION FOR BREACH OF CONTRACT

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiff purchased, Defendant has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from a wind and hail storm and pipe burst. As a result of a wind and hailstorm and pipe burst and/or ensuing losses from a wind and hail storm and pipe burst, all of which are covered perils under the Policy, Plaintiff's home and personal property have been damaged.

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
APR 2 0 2016
DISTRICT COURT OF CAMERON COUNTY TEXAS
By _____ Deputy #4

9

CERTIFIED COPY

## B.     CAUSE OF ACTION FOR VIOLATION OF SECTION 542

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendant's acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claim, Defendant did not request from Plaintiff any items, statements, and forms that it reasonably believed at that time would be required from Plaintiff for her claim. As a result, Defendant has violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe. Defendant also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period. In addition, in the event it is determined that Defendant owes Plaintiff any additional monies on Plaintiff's claim, then Defendant has automatically violated Section 542 in this case.

## C.     DTPA Cause of Action

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant under the provisions of the DTPA. Plaintiff is a consumer of goods and services provided by Defendant pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Sections 17.46 (b)(2), (5), (7), (9), (12) and (24) of the DTPA. In this respect, Defendant's violations include, without limitation, (1) its unreasonable delays in the

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

APR 2 0 2016

CAMERON COUNTY, TEXAS
By _____ Deputy #4

CERTIFIED COPY

investigation, adjustment and resolution of Plaintiff's claim, (2) its failure to give Plaintiff the benefit of the doubt, and (3) its failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear.

As described in this petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that they did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendant advertised its insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

A.  As described in this petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

B.  As described in this petition, Defendant failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46 (b)(24) of the DTPA;

C.  Defendant has breached an express warranty that the damage caused by a wind and hail storm and pipe burst would be covered under the insurance policies. This

A TRUE COPY I CERTIFY
DISTRICT CLERK
APR 20 2016
DISTRICT COURT OF CAMERON COUNTY TEXAS
BY _____ Deputy #4

11

breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and (19) and 17.50 (a)(2) of the DTPA;

D.  Defendant's actions, as described in this petition, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

E.  Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D. CAUSE OF ACTION FOR UNFAIR INSURANCE PRACTICES**

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Defendant's failure to pay for the proper repair of

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

APR 20 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS
BY_____ Deputy #4

12

CERTIFIED COPY

Plaintiff's home on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiff the benefit of the doubt. Specifically, Defendant is guilty of the following unfair insurance practices:

A. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B. Engaging in unfair claims settlement practices;

C. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

D. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

F. Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

G. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

APR 2 0 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By Deputy #4

### E.   CAUSE OF ACTION FOR BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered.

These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiff's damages.

### F.   CAUSE OF ACTION FOR FRAUD

Defendant is liable to Plaintiff for common law fraud. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as he did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

APR 2 0 2016

DISTRICT COURT OF CAMERON COUNTY TEXAS
By_____ Deputy #4

14

## VII. WAIVER AND ESTOPPEL

Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## VIII. DAMAGES

The above described acts, omissions, failures and conduct of Defendant has caused Plaintiff's damages which include, without limitation, the cost to properly repair Plaintiff's home and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract. Plaintiff is also entitled to recover the amount of her claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys' fees. All the damages described in this petition are within the jurisdictional limits of the Court.

## IX. STATEMENT OF RELIEF AND DAMAGES OVER $200,000

The total damages sought by Plaintiff against Defendant for all elements of damage exceed the sum $200,000, including exemplary and punitive damages, penalties, attorneys' fees, interests, and costs. Plaintiff will not seek or accept damages and/or award that may be rendered in the above-captioned matter in excess of $1,000,000. As a result of Defendant's conduct that is described in this petition, Plaintiff pleads out of the expedited actions process governed by Rules 47 and 169 under the Texas Rules of Civil Procedure. Plaintiff further pleads for judgment for all the other relief to which it deems justly entitled.

## X. ADDITIONAL DAMAGES

Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of

CERTIFIED COPY

CERTIFY

ERIC GARZA - DISTRICT CLERK

APR 20 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS

Deputy #4

15

Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## XI. EXEMPLARY DAMAGES

Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XII. ATTORNEYS' FEES

As a result of Defendant's conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XIII. WRITTEN DISCOVERY

*Plaintiff's Request for Disclosure, Requests for Production, and Interrogatories to Defendant* are attached hereto.

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
APR 2 0 2016
DISTRICT COURT OF CAMERON COUNTY TEXAS
Deputy #4

16

CERTIFIED COPY

## XIV. JURY DEMAND

Plaintiff asserts Plaintiff's right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiff tenders the fee of $30.00, as required by Texas Government Code Section 51.604.

## XV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff request the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

HILLEY & SOLIS, P.L.L.C.
310 S. St. Mary's, Suite 2900
San Antonio, Texas 78205
Telephone: (210) 446-5000
Telecopier: (210) 446-5001

By: _____
DEREK HILLEY
State Bar No. 24056770
dhilley@hilley-solis.com

ATTORNEYS FOR PLAINTIFF
Maria Saldivar

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

APR 20 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By_____ Deputy

17

Civil Action No.
Maria Saldivar v. Travelers Lloyds of Texas Insurance Company
IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

# TAB 2

to

## INDEX OF MATTERS BEING FILED

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____  COURT *(FOR CLERK USE ONLY)*: _____

STYLED  <u>Maria Saldivar vs. Travelers Lloyds of Texas Insurance Company</u>

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new, civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Derek Hilley<br>**Address:** 310 S. St. Mary's Suite 2900<br>**City/State/Zip:** San Antonio, TX 78205<br>**Signature:** | **Email:** dhilley@hilley-solis.com<br>**Telephone:** 210-446-5000<br>**Fax:** 210-446-5001<br>**State Bar No:** 24056770 | Plaintiff(s)/Petitioner(s):<br>Maria Saldivar<br><br>Defendant(s)/Respondent(s):<br>Travelers Lloyds of Texas Insurance Company<br><br>[Attach additional page as necessary to list all parties] | ☒Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent: _____<br><br>Non-Custodial Parent: _____<br><br>Presumed Father: _____ |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-Judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☒Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional Liability:<br><br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability List Product:<br><br>☐Other Injury or Damage: | ☐Eminent Domain/ Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br><br>**Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—Pre-indictment<br>☐Other: _____ | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children<br><br>**Other Family Law**<br>☐Enforce Foreign Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities of Minority<br>☐Other: | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental Rights<br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: _____ | | |
| **Tax** | *Probate/Wills/Intestate Administration* | **Probate & Mental Health** | | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | ☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: _____ | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*
☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100,000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000

CERTIFY<br>ERIC GARZA - DISTRICT CLERK<br>APR 20 2016<br>DISTRICT COURT OF CAMERON COUNTY, TEXAS<br>Deputy #4

Civil Action No.
Maria Saldivar v. Travelers Lloyds of Texas Insurance Company
IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

# TAB 3

to

## INDEX OF MATTERS BEING FILED

CERTIFIED COPY



FILED
2016-DCL-02031
3/23/2016 3:04:04 PM
Eric Garza
Cameron County District Clerk
By Beatriz Losoya Deputy Clerk
10754926

## DTPA DEMAND NOTICE LETTER

March 21, 2016

**VIA Electronic Mail**

Re:   **Insurer:**         **Travelers Lloyds of Texas Insurance Company**
      **Insured:**         **Maria Saldivar**
      **Policy Number:**   **0HP510039362168676 9**
      **Claim Number:**    **HUK7191**
      **Date of Loss:**    **May 25, 2015**

      **Insurer:**         **Travelers Lloyds of Texas Insurance Company**
      **Insured:**         **Maria Saldivar**
      **Policy Number:**   **0HP510039362168676 9**
      **Claim Number:**    **HUK9078**
      **Date of Loss:**    **June 25, 2015**

Dear Representative,

This firm represents Maria Saldivar (your "insured") in connection with the above referenced claim, under her homeowner's policy (the "policy"), for damages her home and property sustained as a result of a May 25, 2015 wind and hailstorm which struck Cameron County (the "loss"). We also represent insured for damages to her home and property as a result of a June 25, 2015 plumbing leak at her home.

On or about May 25, 2015, a severe wind and hailstorm struck Cameron County causing damage to your insured's home. Relating to the May 25, 2016 incident, Maria Saldivar notified Travelers Lloyds of Texas Insurance Company ("Travelers") of the loss in compliance with the policy, and in response, Travelers unlawfully denied our client's claim. Our Client's loss was covered under the policy, and as a result of Travelers's denial, our client has suffered the total underpayment of the damages. I am providing you with an estimate for covered damages in the amount of $66,525.74. Based upon this estimate and the unlawful denial of our client's claim, the total contractual damages are owed to your insured.

Additionally, on or about June 25, 2015 a plumbing leak occurred at her home. Regarding the June 25, 2015 incident, Maria Saldivar notified Travelers of the loss in compliance with the policy, and in response, Travelers closed her claim after lengthy delay. Our Client's loss was covered under the policy, and as a result of Traveler's actions, our client has suffered the total underpayment of the damages. I am providing you with an estimate for

CERTIFIED COPY

covered damages in the amount of $9,744.32. Based upon this estimate and the unlawful denial of our client's claim, the total contractual damages are owed to your insured.

Because of Travelers's unlawful denial, my Client has been forced to seek redress under the law. The following is a list of the damages under the Insurance Code, breach of contract, fraud and DTPA damages to which my Client is now entitled:

### May 25, 2016 Windstorm

**CONTRACTUAL**

| | |
|---|---|
| Contract Amount Still Owed: | $66,525.74 |
| 18 P&I (0.25 yrs.): | $11,974.63 |
| Attorney's Fees: | $15,000.00 |
| PJI: | $   273.54 |
| TOTAL: | $93,773.91 |

**EXTRA-CONTRACTUAL**

| | |
|---|---|
| Emotional Distress: | $ 15,000.00 |
| Bad Faith/Treble Damages: | $199,577.22 |
| Attorney's Fees: | $ 30,000.00 |
| TOTAL: | $244,577.22 |

**GRAND TOTAL:**   **$338,351.13**

### June 25, 2015 Plumbing Leak

**CONTRACTUAL**

| | |
|---|---|
| Contract Amount Still Owed: | $ 9,744.32 |
| 18 P&I (0.25 yrs.): | $ 1,753.98 |
| Attorney's Fees: | $15,000.00 |
| PJI: | $   273.54 |
| TOTAL: | $26,771.84 |

**EXTRA-CONTRACTUAL**

| | |
|---|---|
| Emotional Distress: | $ 15,000.00 |
| Bad Faith/Treble Damages: | $ 29,232.96 |
| Attorney's Fees: | $ 30,000.00 |
| TOTAL: | $ 74,232.96 |

**GRAND TOTAL:**   **$101,004.80**

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
APR 2 0 2016
DISTRICT COURT OF CAMERON COUNTY, TEXAS
By_____ Deputy #4

CERTIFIED COPY

## Insurance Code Notice

Please be advised that the facts and circumstances set forth above give rise to claims by my Client under Chapter 541.060 of the Texas Insurance Code, because Travelers made several representations and/or misrepresentations and engaged in unfair and deceptive acts or practices in the business of insurance as follows:

     a.     failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of her claim with respect to which liability has become reasonably clear [541.060(2)(A)];

     b.     refusing to pay her claim without conducting a reasonable investigation [541.060(7)];

     c.     representing and/or misrepresenting material facts and/or policy provisions relating to the coverage at issue [541.060(1)];

     d.     failing to provide promptly a reasonable explanation of the basis in the policy, in relation to the facts or application of law, for the denial of the claim or for an offer of a compromise settlement of the claim [541.060(3)]; and,

As a result of Travelers's knowing violation of the Texas Insurance Code, my Client has a remedy under Chapter 541.152 and is entitled to court costs and reasonable attorney's fees.

## DTPA Notice

Please be advised that the facts and circumstances set forth above give rise to claims by my Client under the Texas Deceptive Trade Practices and Consumer Protection Act (DTPA) because of Travelers's violation of the express provisions of this consumer protection statute. Travelers took unfair advantage of my Client as a consumer to a grossly unfair degree and represented/misrepresented and engaged in unfair and deceptive acts or practices by:

     a.     failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of her claim with respect to which liability has become reasonably clear;

     b.     refusing to pay her claim without conducting a reasonable investigation;

     c.     representing/misrepresenting material facts and/or policy provisions relating to coverage at issue;

     d.     failing to provide promptly a reasonable explanation of the basis in the policy, in relation to the facts or application of law, for the denial of the claim or for an offer of a compromise settlement of the claim; and,

The above-described course of action and conduct was unconscionable, thereby violating the DTPA Sections 17.50(a)(3) and (a)(4), for which my Client will institute a lawsuit to recover economic and mental anguish damages. As a proximate result of Travelers knowing and intentional violation of the DTPA, my Client is entitled to recover two (2) times the amount of economic damages sustained, plus court costs and reasonable attorney's fees.

## Breach of Contract Notice

Travelers issued a contract of insurance to our client that covered her dwelling, other structures and contents/ALE to repair/replace damages from a wind and hailstorm and

A TRUE COPY I CERTIFY
GARZA DISTRICT CLERK
APR 2 0 2016
COUNTY TEXAS
CAMERON COUNTY TEXAS
Deputy #4

CERTIFIED COPY

plumbing leak. The contract of insurance was accepted and premiums were paid in a timely manner. My Client has made a claim for her damages, but Travelers has failed and/or refused to adequately and timely compensate her under the contract. My Client has now been forced to hire an attorney in an effort to compel Travelers to comply with its contractual duties.

### Demand

The purpose of this letter is to allow Travelers to respond and thus encourage you to resolve my Client's claim in a fair, timely and reasonable manner. In the event Travelers fails to take advantage of this offer of settlement, we will seek the full measure of damages (including treble damages, attorneys' fees and court costs) to which my Client is entitled.

**Therefore, please be advised that I would recommend to my Client that she accept $150,000.00 as full and complete settlement of her claims. Of course, we reserve the right to adjust this amount to conform to the information and additional evidence that will be available to us at the time of trial.**

Should Travelers fail to accept this offer of settlement in full within 90 days, said offer will be deemed to have automatically expired.

Thank you for your cooperation and attention to this matter. I look forward to hearing from you in the near future.

Sincerely,

HILLEY & SOLIS, P.L.L.C.
Derek B. Hilley

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

APR 2 0 2016

DISTRICT CLERK OF CAMERON COUNTY TEXAS
Deputy #4

Civil Action No.
Maria Saldivar v. Travelers Lloyds of Texas Insurance Company
IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

# TAB 4

to

## INDEX OF MATTERS BEING FILED

CERTIFIED COPY

FILED
2016-DCL-02031
3/23/2016 3:04:04 PM
Eric Garza
Cameron County District Clerk
By Beatriz Losoya Deputy Clerk
9754926

2016-DCL-02031

CAUSE NO. _____

| | | |
|---|---|---|
| MARIA SALDIVAR | § | IN THE DISTRICT COURT |
| | § | Cameron County - 444th District Court |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| TRAVELERS LLOYDS OF TEXAS | § | |
| INSURANCE COMPANY | § | CAMERON COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL REQUEST FOR DISCLOSURE, REQUESTS FOR PRODUCTION, AND INTERROGATORIES TO DEFENDANT

TO:  Defendant, Travelers Lloyds of Texas Insurance Company ("Travelers"), by and through its registered agent for service of process along with Plaintiff's Original Petition which is attached hereto.

COMES NOW, Maria Saldivar ("Plaintiff") and, pursuant to the Texas Rules of Civil Procedure, hereby serves her Request for Disclosure, Requests for Production, and Interrogatories. Plaintiff requests that Defendant timely and properly respond to these discovery requests within 50 days of service in accordance with the Texas Rules of Civil Procedure.

Respectfully submitted,

HILLEY & SOLIS, P.L.L.C.
310 S. St. Mary's, Suite 2900
San Antonio, Texas 78205
Telephone: (210) 446-5000
Telecopier: (210) 446-5001

By:_____
DEREK HILLEY
State Bar No. 24056770
dhilley@hilley-solis.com

ATTORNEYS FOR PLAINTIFF
Maria Saldivar

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

APR 2 0 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By_____ Deputy #4

CERTIFIED COPY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served along with Plaintiff's Original Petition on the Defendant in accordance with the Texas Rules of Civil Procedure.

_____

DEREK HILLEY

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

APR 20 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS
BY _____ Deputy #4

2

CERTIFIED COPY

## INSTRUCTIONS

1. Produce the Documents in your possession, custody, or control, as such phrase is defined in Texas Rule of Civil Procedure 192.7(b), described in the attached requests for production, at the offices of the undersigned counsel within thirty (30) days following service of the request upon you or your attorney.

2. Please respond to the attached Interrogatories in accordance with the requirements of Texas Rule of Civil Procedure 197 and return your responses to the offices of the undersigned counsel within thirty (30) days following service of the request upon you or your attorney.

3. Please respond to the attached Request for Production in accordance with the requirements of Texas Rule of Civil Procedure 196 and return your responses to the offices of the undersigned counsel within thirty (30) days following service of the request upon you or your attorney

4. Pursuant to Rule 197.2(d), your Interrogatory answers must be verified. Pursuant to Rule 197.2(c), where appropriate, you may optionally produce records in response to the Interrogatories. Place your response to each Request and Interrogatory in a separate document and restate each Request and Interrogatory followed by your response.

5. Singular and masculine forms of any nouns or pronouns shall embrace and be applied as the plural, feminine, or neuter, as the context requires, and vice versa.

6. The past tense of any verb shall embrace and be applied as the present tense, as the context requires or as applicable, or vice versa.

7. Each request is to be construed and answered or responded to separately and independently, and is not to be referenced to any other request for purposes of limitations.

8. These requests and interrogatories and your answers to them may be offered in evidence at the trial of this case.

9. Your failure to respond to these requests and interrogatories as required by the Texas Rules of Civil Procedure within the time required may result in entry of judgment against you, assessment of attorney's fees against you, or other sanctions as determined by the Court.

10. These requests are continuing in nature and require supplementation as soon as practical if you or your attorney obtain information which reveals that your answers were incorrect or incomplete when made or that your answers are no longer correct or complete.

11. Documents produced pursuant to these requests should be tendered either in the precise form or manner as they are kept in the usual course of business, or organized and labeled to correspond with the categories in the requests to which they respond

3

CERTIFY

GARZA - DISTRICT CLERK

APR 20 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By_____ Deputy #4

CERTIFIED COPY

12.   These requests include request for production of electronic or magnetic data by either: (1) providing the undersigned counsel with access to the medium upon which such date is kept so that such data may be reviewed, copied and/or printed; or (2) providing the undersigned counsel with a copy of such data on disk, CD, tape or other acceptable medium in a form in which it may be reviewed, copied and/or printed.

13.   The Interrogatories and Requests herein requesting information concerning legal contentions and the factual bases of such contentions are propounded pursuant to Texas Rules of Civil Procedure, Paragraph 192.3(j).

14.   If you withhold any Documents from production, please identify the information and material withheld and the specific privilege asserted for each item or group of items withheld, as required by Texas Rules of Civil Procedure 193.3(b). **THIS IS A REQUEST FOR A PRIVILEGE LOG.**

4

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

APR 2 0 2016

DISTRICT CLERK OF CAMERON COUNTY TEXAS
BY_____ Deputy #4

CERTIFIED COPY

DEFINITIONS

1.  "Defendant" or "Travelers," "You," "Your," and/or "Yourself" means Defendant, Travelers, and its agents, representatives, attorneys, and any other person or entity acting on behalf of it or any of the foregoing.

2.  "Plaintiff" means Plaintiff, Maria Saldivar, and her agents, representatives, attorneys, and any other person or entity acting on behalf of them or any of the foregoing.

3.  The "Property" means the residence(s) specifically described in Plaintiff's Petition and which is the insured's property(ies) at issue in this Lawsuit.

4.  The "Lawsuit" means the above-styled and numbered case.

5.  "Party" or "Parties" shall mean any and/or all parties to the Lawsuit, including Plaintiff and/or any Defendant.

6.  The "Petition" means Plaintiff's Original Petition and/or any amendments and supplements thereto filed in the Lawsuit.

7.  The "Policy" means Policy Number(s) issued by Defendant, which is the basis of this Lawsuit.

8.  The word "Document" or "Documents" is used herein in its broadest sense to include any medium upon or with which information is recorded or preserved which belongs to, or is in or subject to the possession, custody or control of, any of the Parties named and defined hereinabove, by whomever generated or received, including without limitation: writings; printings; drawings; graphs; charts; notes; typewritings; photographs; slides; motion pictures; videotapes or cassettes; phonographs records; type or other mechanical recordings; computer records; electronic mail (e-mail - whether in electronic form or printed on paper or in any other form); information storage devices; disks; or printouts; brochures; pamphlets; maps; surveys; calendars; contracts; interoffice communications; telephone recordings; ledgers; books; statements of account; journals; notices; letter; catalogs; canceled checks; bank statements; invoices; bills; diaries; purchase orders; memoranda of telephone communications; telegrams; telexes or "TWX's"; telecopies; drafts or preliminary versions of the foregoing; communications to or from any governmental or law enforcement sub-division, officer, or agency; and, any other instrument, writing, recording, or data compilation of any nature whatsoever, including any carbon, photographic, microfilm, or other type of copy of such items, if such copy is different from the original by reasons of any markings, additions, commentaries, revisions, deletions, or substitutions. **This definition requires you to search for and produce electronic Documents.**

9.  The term "person" as used herein shall mean and include an individual, sole proprietorship, association, firm, partnership, joint venture, corporation, board, committee, agency, commission, or any other legal entity of any type for any purpose, whether public or private.

5

A TRUE COPY I CERTIFY
ERIC GARZA DISTRICT CLERK
APR 2 0 2016
DISTRICT COURT OF CAMERON COUNTY TEXAS
By_____ Deputy #4

CERTIFIED COPY

10.     The terms "reflecting" or "evidencing," when used in reference to a certain subject or thing as used herein, shall mean and include to reflect, to evidence, to mention, to discuss, to describe, to explain, to embody, to constitute, or to include that subject or thing.

11.     The term "correspondence" means the written or unwritten transmittal of information or data in the form of facts, ideas, inquiries or otherwise, including but not limited to e-mails, text messages, instant messages, written Documents, facsimiles, saved computer data, and audio and video recordings.

12.     "Meeting" means any encounter between two or more persons during which an oral or written communication occurred and includes, but is not limited to, formal and informal gatherings, conversations and telephone conversations.

13.     The term "communicate" or "communication" shall mean (a) every manner or means of communication, disclosure, transfer, or exchange of information and, (b) every communication, disclosure, transfer, or exchange of information, whether made or accomplished orally or by Document, whether in person, by telephone, mail, e-mail, facsimile, personal delivery, or otherwise. Communications includes, but is not limited to, all agreements.

14.     The term "or" as used herein shall mean and include "and" or "and/or".

15      The term "all" as used herein shall mean "any" and "all".

16.     The term "including" as used herein shall mean "including but not limited to".

17.     The term "fact" as used herein shall include, without limitation, every relevant matter, occurrence, act, event, transaction, occasion, meeting, Document, instance, circumstance, recitation, writing, or other happening.

18.     Certain other terms may be defined within the discovery requests herein.

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
APR 20 2016
DISTRICT COURT OF CAMERON COUNTY TEXAS
By _____ Deputy #4

6

CERTIFIED COPY

## REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiff request that you disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) - (l).

## REQUESTS FOR PRODUCTION AND INTERROGATORIES

Please produce the following documents or tangible things and/or answer the following interrogatories, as applicable:

1.  A complete, certified copy of the insurance Policy(s) in effect on the date of Plaintiff's claim(s).

2.  The entire claims investigation files generated and maintained by Defendant in the ordinary course of business pertaining to Plaintiff's claim(s) making the basis of this lawsuit.

3.  Your entire claim file regarding the Property.

4.  All training and educational materials which instruct claims adjusters or claims handlers in handling claims for property damage and water damage coverage under homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

5.  All training and educational materials which instruct claims adjusters or claims handlers in handling claims for coverage of property and water damage claims under homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

6.  All procedure or policy manuals or guides meant to guide and assist claims adjusters or claims handlers in handling claims for property and water damages, including the criteria for and the process for evaluating whether coverage exists under homeowners' policies in Texas. This request is limited to the last five (5) years.

7.  All procedure or policy manuals or guides meant to guide and assist claims adjusters or claims handlers in handling claims for property and water damages to the house, including the criteria for and the process for evaluating whether coverage exists under homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

8.  All communications and documents, including electronic, between Defendant and Plaintiff regarding Plaintiff's claim(s).

9.  All communications and documents, including electronic, between Defendant and any third party regarding Plaintiff's claim(s).

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
APR 2 0 2016
DISTRICT COURT OF CAMERON COUNTY, TEXAS
By_____ Deputy #

CERTIFIED COPY

10. All communications and documents, including electronic, between Defendant and any other defendant(s) in this Lawsuit regarding Plaintiff's claim(s).

11. All communications and documents, including electronic, between Defendant's business departments including all persons part of the Defendant's company regarding Plaintiff's claim(s).

12. All communications and documents Defendant sent to any other defendant(s) in this Lawsuit regarding Plaintiff or the Property, after Plaintiff's made her claim(s) for coverage.

13. All photographs, diagrams, drawings, or other graphic depictions of Plaintiff's and/or the Property.

14. Any and all documents, reports, estimates, data, emails, notes, photos, videos, manuals, guides, and summaries regarding the insurance claim(s) made the basis of this Lawsuit, including but not limited to all estimates prepared by all claims adjusters of Defendant regarding the Property and all reports prepared by all engineers hired by Defendant to inspect, test, or observe the Property.

15. All reports and other documents from governmental agencies or offices regarding Plaintiff's Property or containing officially kept information regarding Plaintiff's Property.

16. Any and all claims files and claim reports, including but not limited to notes, emails, data, photos, videos, manuals, guides, summaries and claim documents, regarding all homeowner insurance claims made by Plaintiff's under her homeowner insurance policies, specifically regarding damage to the exterior and interior of Plaintiff's property. This request is limited to the last ten (10) years.

17. Any and all records and/or documents explaining criteria utilized to qualify vendors for the "approved vendor list."

18. Any and all records and/or documents maintained by person(s) responsible for maintaining and updating the "approved vendors list."

19. Any and all records and/or documents maintained by person(s) responsible for creating the criteria utilized to qualify vendors, including contractors and roofing companies, for the "approved vendors list".

20. All documents including reports, estimates, data, emails, testing, sampling, videos and photographs received by Defendant from any source regarding inspections of Plaintiff's property.

21. Any and all records Defendant received, including those obtained by way of deposition by written questions, regarding Plaintiff's Property.

8

CERTIFIED COPY

22. Any and all records or documents Defendant has reviewed and/or obtained regarding Plaintiff's Property.

23. Any and all claims files Defendant has reviewed and/or obtained regarding Plaintiff's Property.

24. Any and all records or documents Defendant has reviewed and/or obtained by third parties regarding Plaintiff's Property.

25. All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling first party insurance claims, and/or avoiding charges of bad faith. This request is limited to the last five (5) years.

26. All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property and water damage under homeowner insurance policies in Texas. This request is limited to the last five (5) years.

27. All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling first party insurance claims, or avoiding charges of bad faith. This request is limited to the last five (5) years.

28. All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §541.060 *et seq.* This request is specifically limited to the last five (5) years.

29. All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §542.055 *et seq.* This request is specifically limited to the last five (5) years.

30. Any and all materials, documents, statements and/or files that demonstrate Defendant's net worth and Defendant's net income. This request is limited to the last five (5) years.

31. Any and all materials, documents, statements and/or files that reflect complaints and/or lawsuits, filed by insured's against Defendant regarding the handling, review and/or adjusting of homeowner claims in Texas. This request is limited to the last five (5) years.

32. A copy of each advertisement Defendant has used, published and/or distributed, through any means, in Texas. This request is limited to the last five (5) years.

33. Any and all reference materials, handouts, manuals, outlines, articles, and/or documents used or relied upon by Defendant to conduct any seminars and/or continuing education classes for Defendant's employees and/or adjusters, regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, and property

A TRUE COPY I CERTIFY
ERIC GARZA DISTRICT CLERK
APR 2 0 2016
DISTRICT COURT OF CAMERON COUNTY, TEXAS
BY_____ Deputy #4

9

CERTIFIED COPY

damage and water damage claims in Texas. This request is limited to the last five (5) years.

34. Any and all materials, handouts, manuals, outlines, articles and/or documents issued by Defendant's to claims representatives and/or adjusters, or received by claims Representatives and/or adjusters, or relied upon by claims representatives and/or adjusters, pertaining to the adjuster and/or handling of homeowner insurance claims, commercial insurance claims, and property damage and water damage claims in Texas. This request is limited to the last five (5) years.

35. Any and all reference materials, handouts, manuals, outlines, articles, and/or documents distributed and/or disbursed to Defendant's employer, employees, agents and/or representatives in connection with attendance at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property and water damage claims in Texas, within the last five (5) years.

36. Any and all material reflecting Defendant's attendance policies for adjusters and claims representatives at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims and property damage and water damage claims in Texas. This request is limited to the last five (5) years.

37. Any and all materials, documents, files and/or reports sent to Defendant by its employer, employees, agents and/or representatives on a monthly, weekly, or daily basis regarding Plaintiff's claim(s). Include any and all field notes and summaries of the room-by-room scope of Plaintiff's property.

38. Any and all materials, documents, files and/or reports containing list(s) of contractors and engineering companies that have been approved and/or recommended for performance of services for Defendant in Texas, specifically related to homeowner insurance claims. This request is limited to the last five (5) years.

39. Any and all computer programs, electronic data, documents and/or manuals used by the adjusters and claims representatives to perform property damage and water damage estimates relating to homeowner insurance claims in Texas, including a complete copy of the computer program used to adjust Plaintiff's claim(s). This request is limited to the last five (5) years.

40. Any and all reference materials, handouts, manuals, outlines, articles and/or documents that have been distributed by and/or disbursed to Defendant regarding the price estimates of contractors and changes of those estimates within different geographical areas of the State of Texas. This request is limited to the last five (5) years.

41. Any and all materials, documents, files and/or reports of contractors and engineering companies that have been approved and/or recommended for performance of services for

TRUE COPY I CERTIFY
DISTRICT CLERK
APR 20 2016
CAMERON COUNTY, TEXAS
DISTRICT COURT OF CAMERON COUNTY, TEXAS
By_____ Deputy

CERTIFIED COPY

Defendant in Texas. This request is limited to the last five (5) years.

42. Any and all materials, documents, files, invoices, and/or reports of any and all contractors and engineering companies retained to investigate, inspect, and/or evaluate Plaintiff's claim(s) that are the subject of this lawsuit, prepared on behalf of the Defendant.

43. Any and all materials, documents, files, invoices, and/or reports of any and all contractors and engineering and/or foundation repair companies retained to investigate, inspect, and/or evaluate claims similar in nature to Plaintiff's claim(s) asserted in this lawsuit, prepared on behalf of Defendants. This request is limited to the State of Texas. This request is limited to the last five (5) years.

44. Any and all activity logs relating to Plaintiff's claim(s) for property and water damage claims, to her Property, specifically the claim(s) made the basis of this Lawsuit.

45. Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions Defendant contends applied to Plaintiff's claim(s).

46. Any and all organizational charts for Defendant.

47. Any and all organizational charts or diagrams for each department, unit, or section of Defendant to which Plaintiff's claim(s) was assigned. This request is limited to the last five (5) years.

48. Any and all charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiff's claim(s).

49. Any and all documents reflecting or relating to Defendant's decisions to pay or deny additional expenses to or on behalf of Plaintiff in this case.

50. Any and all records reflecting payment to Plaintiff concerning Plaintiff's claim(s) made the basis of this suit.

51. Any and all documents, including correspondence and checks, exchanged between Defendant and any and all vendors concerning Plaintiff's claim(s).

52. Any and all documents relating to or reflecting referrals of vendors to Plaintiff or any insureds.

53. If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the privilege which Defendant claims properly precludes the information from being discovered.

11

CERTIFIED COPY

54. Any and all advanced or specialized certifications of personnel who inspected, investigated, and/or supervised the adjusting of the claim(s) pertaining to Plaintiff's Property.

55. Any and all documents, including contracts, rules, guidelines and/or instructions exchanged between Defendant, Plaintiff, and any other entities with whom Defendant worked or communicated regarding Plaintiff's Property.

56. All physical and/or tangible items and/or potentially usable evidence obtained by or on behalf of Defendant from the Property.

57. Any and all indemnity agreement between Defendant and any other Defendant, person, entity, firm, or corporation against which a claim of indemnification might be brought because of the facts in this lawsuit.

58. Any and all complaint policies and procedures of Defendant regarding the handling of complaints made by homeowner insured's. This request is limited to the last five (5) years.

59. Copies of all job descriptions of employees that adjusted or in any way supervised the handling of Plaintiff's claim(s) regarding the Property.

60. All non-privileged e-mails regarding the investigation, adjusting and/or handling of the claim(s) made the basis of this Lawsuit.

61. All e-mails between Defendant's adjusters, engineers, supervisors, officers, and/or executives regarding changes in the educational programs relating to the handling of property damage and water damage claims.

62. All computer files, databases, electronically-stored information or computer-stored information regarding property damage and water damage that have been compiled, prepared and/or supervised by Defendant, whether or not they are in Defendant's possession or in the possession of another entity.

63. True and complete copies of all billing records from any and all adjusters and engineers regarding the claim(s) made the basis of this Lawsuit.

64. True and complete copy of activity logs filed by the staff and adjusters on the file.

65. Any and all reports, documents or correspondence containing the names and locations of all adjusters who have worked on this file to the present.

66. True and complete copies of all billings on the file from the adjusters, including the time sheets or documentation used to justify the billing.

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
APR 20 2016
CAMERON COUNTY TEXAS
DISTRICT COURT OF CAMERON COUNTY TEXAS
Deputy #4

67.   Any and all reports, documents or correspondence reflecting the reserving and payment history of indemnity, expenses and vendors on this file including but not limited to dates, changes, and requests made by adjusters. This request is limited to the last five (5) years.

68.   Any and all correspondence and lawsuits involving vendors, staff or management involved with property and/or water damage claims from 2003 to present.

69.   Any and all correspondence and lawsuits concerning the issues of honesty, conflict of interest, criminal actions, past criminal records, criminal conduct, fraud investigation and/or inappropriate behavior of any person associated with the handling of claims files, management of property damage and water damage, including staff and vendors.

70.   Any and all answers made in previous discovery requests for lists of property and water damage databases.

71.   Any and all answers and affidavits made by Defendant and its counsels in previous discovery requests for training procedures, training manuals for property and water damage claims.

72.   Any and all reports, documents or correspondence reflecting the history of payment and reserves on this file.

73.   Any and all reports, documents or correspondence containing names of designated individuals who gave testimony as Person Most Knowledgeable as a corporate representative of Defendant for property claims, property damage and water damage for 2003 through the present, including but not limited to any lists of the lawsuits where testimony was given.

74.   Any and all training manuals used by you to train your adjusters on property damage and water damage claims. This request is limited to the last five (5) years.

75.   Any and all correspondence from Defendant to and from vendors regarding any instructions, procedures, changes, training, payments and billing for property, property damage and water damage claims for 2003 through the present, including but not limited to computer disks, e-mails, paperwork and manuals.

76.   Any and all reports, documents, or correspondence containing a list of attendees and dates and locations of all meetings conducted by Defendant for all the adjusters and Defendant staff for property damage and water damage claims training. This request is limited to the last five (5) years.

77.   Any and all reports, documents or correspondence containing lists of files with written complaints or DOI complaints on property damage and water damage claims previously gathered and produced in other TDI complaints or lawsuits. This request is limited to the last five (5) years.

CERTIFY
ERIC GARZA - DISTRICT CLERK

APR 2 0 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS
Deputy #4

13

CERTIFIED COPY

78.   Any and all reports, documents or correspondence containing lists of all suits filed against Defendant or its entities or affiliates nationwide containing an element of property damage and water damage disputes for 2003 through the present.

79.   Any and all reports, documents or correspondence containing lawsuits where lists of all suits filed against Defendant or its entities or affiliates nationwide containing an element of property damage and water damage or disputes for 2003 through the present were previously produced.

80.   Copies of front and back of all checks paid under the insurance Policy issued by Defendant for which an insurance claim was filed by Plaintiff that forms the basis of this Lawsuit. (Specifically, the insurance policy in effect during the time of the insurance claim).

81.   Copies of the front and back of all checks paid on the insurance claim made the basis of this Lawsuit.

82.   Copies of the front and back of each negotiated check(s) made payable solely or co-payable to Plaintiff under the insurance Policy issued by Defendant for which an insurance claim was filed by Plaintiff that forms the basis of this Lawsuit. (Specifically, the insurance policy in effect during the time of the insurance claim).

83.   Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiff regarding the insurance claim made the basis of this lawsuit.

84.   Copies of the front and back of each check made payable solely or co-payable to Plaintiff under the insurance Policy issued by Defendant for which an insurance claim was filed by Plaintiff that forms the basis of this Lawsuit. (Specifically, the insurance policy in effect during the time of the insurance claim).

85.   Copies of the front and back of each check made payable solely or co-payable to Plaintiff regarding the insurance claim made the basis of this lawsuit.

86.   Studies commissioned by Defendant including any done by a law firm to analyze their claim(s) management strategies and/or to help them improve corporate profits.

87.   Affidavits or depositions of the employee(s) who handled Plaintiff's claim(s) to their supervisors in other cases involving this same or similar allegations in this case.

88.   The entire underwriter's file for underwriting the insurance policy made the basis of this Lawsuit.

89.   All notes, reports, documents, or applications created and/or generated by Defendant's underwriting department related to the insurance Policy made the basis of this lawsuit.

14

APR 2 0 2016

CERTIFIED COPY

90. All documents and communications, including electronic, between any engineer(s) or engineering company(s), used to evaluate Plaintiff's claim(s), or other person(s) used in handling Plaintiff's claim(s) and Defendant in the last five years regarding, in any way, the investigation of a homeowners' residence, commercial building or church involving damages to the structures or its contents.

91. State the name, address, telephone number, and position or job title of all persons answering these interrogatories.

92. If you contend that any conditions precedent to Plaintiff's recovery have not been met, whether said conditions be stated in the insurance policy or required by law, please state what conditions have not been met and describe the factual bases for such contention.

93. List the date(s) Defendant requested Plaintiff to provide any of the named defendants in this Lawsuit with requested information which Defendant contends was required in order to properly evaluate Plaintiff's claim(s).

94. List the date(s) Defendant received Plaintiff's notice of claim(s) for coverage for property damages and the date(s) Defendant first acknowledged Plaintiff's notice of claim(s) and in what form the notice of claim was submitted.

95. If you contend that Plaintiff did not provide any of the named defendants in this Lawsuit with requested information which you contend was required in order to properly evaluate Plaintiff's claim(s), please state what information was requested and not provided and the dates of such alleged requests.

96. State the name, address, telephone number, and job title or position of all persons who investigated, reviewed, handled, or made decisions regarding Plaintiff's claim(s). For all such persons who are no longer employees, agents, or representatives of any defendant, please so indicate and provide the person's last known address and telephone number.

97. State every basis, in fact and in the terms of Plaintiff's Policy, for Defendant's denial and/or recommendation of denial of Plaintiff's' claim(s) under the Policy.

98. State every basis, in fact and in the terms of Plaintiff's Policies, for Defendant's failure to pay for Plaintiff's full damage claim(s) under the Policy.

99. State every basis, in fact and in the terms of Plaintiff's Policy, for the amount of money Defendant has either paid or offered to pay, if any, for Plaintiff's claim(s) under the Policy.

100. State the cause number, style, and court for each lawsuit filed against Defendant in the last five years alleging misconduct, improper claims handling, bad faith, violations of Texas Insurance Code §541.060 *et seq* or violations of Texas Insurance Code §542.055 *et seq.* in the handling of first party claims for property damage and water damage coverage

CERTIFIED COPY

under homeowners' insurance policies.

101. State the legal theories and describe the factual bases for your contention, if you so contend, that Defendant fully complied with each of the claims handling requirements codified in Texas Insurance Code §541.060.

102. State the legal theories and describe the factual bases for your contention, if you so contend, that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.055.

103. State the legal theories and describe the factual bases for your contention, if you so contend, that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.056.

104. State the legal theories and describe the factual bases for your contention, if you so contend, that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.058.

105. State the name, address, and telephone number of each policyholder who gave Defendant written notice, within the last five years, of a complaint about Defendant's handling of first party claims for property and water damage coverage under homeowner insurance policies in Texas.

106. State the name, address, and telephone number of each policyholder from whom Defendant recorded a complaint, within the last five years, about Defendant's handling of first party claims for property and water damage coverage under homeowner policies in Texas.

107. For each complaint identified in the responses to the two interrogatories immediately preceding this interrogatory, please state whether any Texas governmental regulatory agency communicated with Defendant regarding the complaint, or whether Defendant communicated with any governmental agency regarding the complaint. If the response is yes for any such complainant, state the name of the agency, the name of the government's representative with whom Defendant exchanged communication, and the reason for the governmental agency's involvement.

108. For each investigation by a Texas governmental agency within the last five years into Defendant's practices when handling first party claims for property and water damage coverage under homeowners' policies, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant communicated for purposes of the investigation.

109. Identify by name, address, and telephone number, all persons or entities, agency or agents, and brokers that have issued Plaintiff's Policy.

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

APR 20 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By_____ Deputy #4

16

Civil Action No.
Maria Saldivar v. Travelers Lloyds of Texas Insurance Company
IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

# TAB 5

to

## INDEX OF MATTERS BEING FILED

CERTIFIED COPY

---
**CITATION BY CERTIFIED/REGULAR MAIL**
---

# THE STATE OF TEXAS

## 2016-DCL-02031-H

TO    **Travelers Lloyds of Texas Insurance Company**
**Corporation Service Company**
**211 East 7th Street Suite 620**
**Austin TX 78701-3218:**

| | | |
|---|---|---|
| **MARIA SALDIVAR** | § | IN THE 444TH DISTRICT COURT |
| VS | § | OF |
| **Travelers Lloyds of Texas Insurance** | § | CAMERON COUNTY, TEXAS |
| **Company** | | |

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."** *TRCP. 99*

You are hereby commanded to appear by filing a written answer to **Plaintiff's Original Petition with Discovery Attached** at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 444th District Court of Cameron County, at the Courthouse in said County in Brownsville, Texas. Said **Plaintiff's Original Petition with Discovery Attached** was filed in said court on **March 23, 2016**, in the above entitled cause.

The File Number of Suit Being:   **2016-DCL-02031-H**
The Style of the Case is:      **MARIA SALDIVAR vs. Travelers Lloyds of Texas Insurance Company**

The nature of Petitioner's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition with Discovery Attached** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Brownsville, Texas, on this the 28th day of March, 2016.

ATTORNEY:
**DEREK BLAINE HILLEY**
**300 Dolorosa**
**San Antonio TX 78205**
**PHONE:**

Eric Garza
District Clerk
Cameron County, Texas

By:_____
**Beatriz Losoya, Deputy Clerk** GARZA - DISTRICT CLERK

I CERTIFY

APR 20 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By_____ Deputy #4

| 2016-DCL-02031-H | 444th District Court |
|---|---|
| MARIA SALDIVAR vs. Travelers Lloyds of Texas Insurance Company | |

### RETURN OF SERVICE

### CERTIFICATE OF DELIVERY BY FIRST CLASS MAIL / CERTIFIED MAIL

Came to hand **on this the 28th day of March, 2016** I hereby certify that on **March 28, 2016**, I mailed to **Travelers Lloyds of Texas Insurance Company  211 East 7th Street Suite 620  Austin TX  78701-3218** by **FIRST CLASS MAIL / CERTIFIED MAIL (WITH DELIVERY RESTRICTED TO ADDRESSEE ONLY, RETURN RECEIPT REQUESTED)**, a true copy of this CITATION with a copy of the **Plaintiff's Original Petition with Discovery Attached** attached hereto.

Eric Garza
District Clerk
Cameron County, Texas

By:
**Beatriz Losoya**, Deputy Clerk

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

APR 20 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By_____ Deputy

CERTIFIED COPY

ERIC GARZA
CAMERON COUNTY DISTRICT CLERK
JUDICIAL BUILDING
974 E HARRISON ST
BROWNSVILLE, TX 78520-7123

**Return Receipt (Electronic)**

9214 8901 0661 5400 0083 0327 27

**2016-DCL-2031-H**

CORPORATION SERVICE COMPANY
TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY
211 E 7TH ST STE 620
AUSTIN, TX 78701-3218

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . CUT / FOLD HERE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . FOLD ENVELOPE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
CUT / FOLD HERE

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . CUT / FOLD HERE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

APR 2 0 2016

DISTRICT CLERK CAMERON COUNTY, TEXAS
Deputy #

CERTIFIED COPY

**UNITED STATES POSTAL SERVICE**

FILED _____ o'clock ____ M
ERIC GARZA - DISTRICT CLERK

APR 04 2016

DISTRICT CLERK OF CAMERON COUNTY, TEXAS
By _____ Deputy #29

Date: March 31, 2016

MAIL MAIL:

The following is in response to your March 31, 2016 request for delivery information on your Certified Mail™/RRE item number 92148901066154000083032727. The delivery record shows that this item was delivered on March 31, 2016 at 9:32 am in AUSTIN, TX 78744. The scanned image of the recipient information is provided below.

Signature of Recipient :



Chris Saizan

Address of Recipient :

211 E. 7th # 620

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

2016-DCL-2031-H
CORPORATION SERVICE COMPANY
TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY
211 E 7TH ST STE 620
AUSTIN, TX 78701-3218

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

APR 20 2016

DISTRICT COURT OF CAMERON COUNTY TEXAS
By _____ Deputy #4

Civil Action No.
Maria Saldivar v. Travelers Lloyds of Texas Insurance Company
IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

# TAB 6

to

## INDEX OF MATTERS BEING FILED

CERTIFIED COPY

FILED
2016-DCL-02031
4/18/2016 9:24:29 AM
Eric Garza
Cameron County District Clerk
By Ezequiel Zepeda Deputy Clerk
10160364

## CAUSE NO. 2016-DCL-02031-H

| | | |
|---|---|---|
| MARIA SALDIVAR | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | 444TH JUDICIAL DISTRICT |
| | § | |
| TRAVELERS LLOYDS OF | § | |
| TEXAS INSURANCE COMPANY | § | CAMERON COUNTY, TEXAS |

### PLEA IN ABATEMENT AND ORIGINAL ANSWER OF DEFENDANT
### TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY ("Travelers")** (hereinafter referred to as **"Defendant")**, and files this its Original Answer in response to Plaintiff's Original Petition, and in support thereof would show the Court as follows:

### I.

### PLEA IN ABATEMENT

Defendant did not receive the notice as required by §17.505(a) of the Texas Deceptive Trade Practices Act and under §541.154 of the Texas Insurance Code, thereby denying **Defendant** the statutorily required sixty (60) day pre-filing notice. Accordingly, this case should be abated until sixty (60) days after appropriate written notice has been given.

[11LF] C:\Files\T1957 SALDIVAR\Pleadings\Defendant's Original Answer

Page 1

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
APR 2 0 2016
COUNTY, DISTRICT COURT OF CAMERON COUNTY TEXAS
Deputy #4

## II.

### General Denial

**Defendant** denies each and every material allegation in Plaintiff's Original Petition contained and says that the same are not true, in whole or in part, and demand strict proof thereof.

## III.

### Specific Pleas and Affirmative Defenses

**A.**   **Travelers** admits the issuance of an HO-3 policy. **Travelers** reserves the right to amend this Answer to assert defenses or any other applicable terms, provisions, exclusions, limitations or conditions of the Policy that may become apparent during **Travelers'** ongoing investigation and discovery.

**B.**   Plaintiff has a continuing duty to cooperate under the policy.

**C.**   **Defendant** pleads the affirmative defense of bona fide dispute.

**D.**   **Defendant** denies any breach of duty to the Plaintiff with regard to the policy, investigation, handling and determination of the Plaintiffs' claims for insurance proceeds.

**E.**   **Defendant** denies that they have violated any provision of

[11LF] C:\Files\T1957 SALDIVAR\Pleadings\Defendant's Original Answer

I CERTIFY

ERIC GARZA - DISTRICT CLERK

APR 2 0 2016

OF CAMERON COUNTY TEXAS

Deputy #4

CERTIFIED COPY

the Texas Deceptive Trade Practices Act in the manner in which the subject homeowner insurance was issued or in the manner in which Plaintiffs' claims for insurance proceeds were handled.

    **F.**    **Defendant** denies that it has violated any provision of Sections 541.060 and Sections 542.051 *et seq.* of the Tex. Ins. Code.

    **G.**    **Travelers** denies that the Plaintiff are entitled to recover attorney's fees, as there has been no breach of the insurance contract issued by **Travelers** by virtue of the handling of the Plaintiff's claims for homeowner's insurance benefits.    In addition, **Defendant** has not violated any statutory obligation they may have to the Plaintiff that would give rise to a claim for recovery of attorney's fees.

    **H.**    **Travelers** expressly reserves its right to demand appraisal pursuant to the policy.

    **I.**    **Defendant** would further show that the Plaintiff's actions brought pursuant to the Texas Insurance Code and Texas Deceptive Trade Practices Act are groundless and brought in bad faith, or in the alternative, brought for purposes of harassment.  As such, the Plaintiff is in violation of Tex. Ins. Code 541.153 and § 17.50(c) of the Texas Deceptive Trade Practices Act and **Defendant** is, therefore, entitled to

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

APR 2 6 2016

DISTRICT COURT OF CAMERON COUNTY, TEXAS
Deputy #4

CAMERON COUNTY, TEXAS

CERTIFIED COPY

recover its reasonable and necessary attorney's fees and costs in defending against these claims.

**J.** **Defendant** pleads all applicable provisions, requirements, standards and limitations set forth in Tex. Civ. Prac. & Rem. Code Chapter 41.

**K.** **Defendant** affirmatively pleads the unconstitutionality of punitive, exemplary or enhanced damages, in violation of the due process and due course of law and of equal protection provided by the Constitutions of the United States of America and the State of Texas.

**L.** **Defendant** denies that Plaintiff has given prompt notice as required by the Policy.

**M.** **Defendant** denies that Plaintiff has mitigated their loss, if any, as required by the Policy.

**WHEREFORE, PREMISES CONSIDERED, Defendant** prays that upon final hearing hereof that Plaintiff not recover as prayed for in her Petition, that the Court award Defendant its attorney's fees and costs and all other relief, at law or in equity, which it may show itself justly entitled to receive.

Respectfully submitted,

[11LF] C:\Files\T1957 SALDIVAR\Pleadings\Defendant's Original Answer

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

APR 2 0 2016

CAMERON COUNTY, TEXAS
Deputy #4

CERTIFIED COPY

**ADAMS & GRAHAM, L.L.P.**
P. O. Box 1429
Harlingen, Texas 78551-1429
956/428-7495 (Phone)
956/428-2954 (Fax)

By _____

BARRY RAY
State Bar No. 16606355
Email: bray@adamsgraham.com
*Attorneys for Defendants Travelers*
*Lloyds of Texas Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this /4/4 th day of April, 2016, to the following counsel of record and interested parties:

Derek Hilley                                      *Via E-Serve*
**HILLEY & SOLIS P.L.L.C.**
310 St. Mary's St., Ste 2900
San Antonio, TX 78205
***Counsel for Plaintiff***

_____
BARRY RAY

[11LF] C:\Files\T1957 SALDIVAR\Pleadings\Defendant's Original Answer

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

APR 20 2016

Page 5

CAMERON COUNTY DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4

CERTIFIED COPY

THE STATE  )
                :
OF TEXAS    )

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared **BARRY RAY**, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath, stated as follows:

1.  "My name is BARRY RAY. I am an attorney of record for Defendant, **Travelers Lloyds of Texas Insurance Company.** I am over the age of 18 years, am competent and authorized to testify and have personal knowledge of the facts set forth herein.

2.  The factual allegations contained in ¶ I. Plea in Abatement are true and correct."

**BARRY RAY**

SWORN TO AND SUBSCRIBED before me, the undersigned authority, by the said **BARRY RAY**, on the 18 th day of April, 2016, to certify which, witness my hand and seal of office.

LISA ANN FUENTEZ
Notary Public
STATE OF TEXAS
Notary ID# 13009973-9
My Comm. Exp. 02/02/2019
[NOTARY SEAL]

Notary public in and for
the State of Texas

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK

APR 2 0 2016
Page 6

[11LF] C:\Files\T1957 SALDIVAR\Pleadings\Defendant's Original Answer

DISTRICT COURT OF CAMERON COUNTY, TEXAS
BY_____ Deputy #A

Civil Action No.
Maria Saldivar v. Travelers Lloyds of Texas Insurance Company
IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

# TAB 7

to

## INDEX OF MATTERS BEING FILED

CERTIFIED COPY

FILED
2016-DCL-02031
4/18/2016 9:24:29 AM
Eric Garza
Cameron County District Clerk
By Jessica Zepeda Deputy Clerk
10160364

LAW OFFICES OF
**ADAMS & GRAHAM, L.L.P.**

BARRY RAY
Partner
bray@adamsgraham.com

134 E. Van Buren, Suite 301
P.O. Drawer 1429
Harlingen, Texas 78551

Tel. 956-428-7495 Ext. 128
Fax 956-428-2954
www.adamsgraham.com

April 18, 2016

Mr. Eric Garza
**District Clerk of Cameron County**
**Cameron County Courthouse**
Brownsville, Texas 78520

RE: Cause No. 2016-DCL-02031-H, entitled Maria Saldivar v. Travelers Lloyds of Texas Insurance Company, in the 444th District Court, Cameron County, Texas

Dear Mr. Garza:

Enclosed for filing in connection with the above-referenced cause of action please find the original copy of the following document:

1. Defendant's Travelers Lloyds of Texas Insurance Company's Plea in Abatement and Original Answer.

Please return a file-stamped or conformed copy of the document filed to the undersigned.

If you have any questions regarding this matter, then please contact me at (956) 428-7495 ext 128.

Sincerely,

ADAMS & GRAHAM, L.L.P.

By:  _/s/ Barry Ray_
        BARRY RAY

BR/lf

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
APR 20 2016
DISTRICT COURT OF CAMERON COUNTY, TEXAS
By_____ Deputy

CERTIFIED COPY

FILED
2016-DCL-02031
4/19/2016 8:05:34 AM
Eric Garza
Cameron County District Clerk
By Ezequiel Zepeda Deputy Clerk

LAW OFFICES OF
**ADAMS & GRAHAM, L.L.P.**

**BARRY RAY**
Partner
bray@adamsgraham.com

134 E. Van Buren, Suite 301
P.O. Drawer 1429
Harlingen, Texas 78551

Tel. 956-428-7495 Ext 128
Fax 956-428-2954
www.adamsgraham.com

April 18, 2015

Derek Hilley
**Hilley & Solis, PLLC.**
1032 Central Parkway South
San Antonio, TX 78232

*Via E-Mail:*

Re: **Cause No. 2016-DCL-02031; Maria Saldivar v. Travelers Lloyds of Texas Insurance Company; In the 444th District Court of Cameron County, Texas Our File No. T1957**

## RULE 11 AGREEMENT

Dear Derek:

In an effort to attempt settlement, we are requesting that you agree to extend Travelers' deadline to respond to your March 21, 2016 DTPA and TIC demand until after mediation and until 30 days after either party has declared an impasse to settlement efforts in writing. **This agreement specifically reserves, and does not waive, any and all rights, remedies, provisions, conditions or terms available at law, by statute (including , but limited to, Tex. Ins. Code §§ 541.154- 541.159 and DTPA §§ 17.505 & 17.5052), or under the policy of insurance.**

Additionally, please confirm your agreement to abate and extend all written discovery requests served with the Original Petition including but not limited to Interrogatories, Requests for Production, Request for Disclosures and Requests for Admissions until after mediation and until 30 days after either party has declared an impasse to settlement efforts in writing

If you are in agreement, please sign on the signature line below and return to me via fax or email. Thank you for your cooperation regarding this matter.

Sincerely,

**ADAMS & GRAHAM, L.L.P.**

**BARRY RAY**

**AGREED:**

By: _____ DATE: 4/18/16
DEREK HILLEY/ Counsel for Plaintiff

BR/lf

A TRUE COPY I CERTIFY
ERIC GARZA - DISTRICT CLERK
APR 2 0 2016
CAMERON COUNTY, DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ Deputy #4